UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| VICKIE K. O'NEIL and MARSHA THACKER, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 11-63-ART |
| v. | ) ) | |
| WALLACE PRIMMEL, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Legendary University of Texas football coach Darrell Royal was fond of saying, "You gotta dance with the one that brung you." After admitting in state court discovery that her damages exceed the requisite $75,000 amount in controversy, Vickie O'Neil is now stuck with the dance partner that brought her to federal court. Wallace Primmel has established that this Court has diversity jurisdiction over O'Neil's claims. Additionally, the Court has supplemental jurisdiction over Marsha Thacker's claims since they arise from the same case or controversy. O'Neil's and Thacker's motion to remand is denied.

### BACKGROUND

In September 2010, Vickie O'Neil, Marsha Thacker, and Wallace Primmel crashed their automobiles. R. 9 at 2. O'Neil and Thacker, riding in the same vehicle, traveled east on Kentucky Highway 80 while Primmel traveled west. *Id*. The vehicles sideswiped each other and, unremarkably, each driver claimed the other crossed the center line. *Id*. In January 2011, O'Neil and Thacker, Kentucky citizens,

filed suit in Pike Circuit Court, R. 6-1 at 1. A mere two weeks later, Primmel, a Virginia citizen, attempted to remove the case on the basis of diversity jurisdiction. *Id*. Upon removal, this Court issued an order to show cause because Primmel did not properly allege that the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1332. Show Cause Order at 3, *O'Neil v. Primmel*, No. 7:11-7 (E.D. Ky. Jan. 21, 2011). Because the complaint was vague as to damages and discovery had not been taken, Primmel was unable to demonstrate that the amount in controversy exceeded $75,000, *id*. at R. 4; thus, remand was appropriate, *id*. at R. 5.

Back in state court, Primmel took written discovery of O'Neil and Thacker. R. 9 at 2. In a sworn interrogatory, O'Neil stated that her past medical expenses totaled $15,971, R. 9-9 at 9, and that her future medical expenses were unknown but "anticipated to be a sum no less than equal to the actual medical expenses." *Id*. at 9. For pain and suffering, O'Neil claimed damages of $50,000. *Id*. For those keeping score, O'Neil's answer listed $81,942 as her total amount of damages. Thacker disclosed $2,345 in medical expenses, R. 9-11 at 6, and claimed $50,000 in pain and suffering, *Id*. at 9, for a total of $52,345 in damages. *Id*. at 9–10.

Armed with these answers, Primmel took another bite at the apple and removed the case for a second time. R. 1. Counsel for O'Neil and Thacker maintained that "they always tend to exaggerate" answers to these types of interrogatories and filed a motion to remand. R. 6-1 at 3. Soon after, O'Neil and Thacker also stipulated that neither would seek more than $74,999 in damages. R. 11; R. 12.

# DISCUSSION

Primmel has the burden to show that diversity jurisdiction exists. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). United States district courts are courts of limited jurisdiction, *id.* at 821, and a defendant who seeks to remove a case based on diversity jurisdiction bears the burden of satisfying both the diversity of citizenship and amount in controversy requirements. *Id.* at 822. Here it is undisputed that the parties are diverse, R. 6-1 at 2, but Primmel must also show that it is more likely than not that the amount in controversy exceeds $75,000. 18 U.S.C. § 1332; *see also Everett*, 460 F.3d at 822.

Primmel has now satisfied his burden with respect to O'Neil. The difference between his first and second attempts is that Primmel engaged in discovery on the issue of damages. Kentucky law prohibits plaintiffs from specifying the exact amount of unliquidated damages, which necessitates pre-removal discovery. Ky. R. Civ. P. 8.01(2); *see also King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 n.2. Through interrogatories, Primmel discovered that O'Neil's claim for damages is approximately $82,000, which exceeds the $75,000 requirement.

Thacker's answer revealed damages of approximately $52,000, well below the requirement. But the Court has supplemental jurisdiction over Thacker's claims since they arise out of the same case or controversy as O'Neil's claim. *See Engstrom v. Mayfield*, 195 Fed. App'x 444, 448 (6th Cir. 2006) ("'[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction

over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.'" (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005))).

O'Neil and Thacker advance two arguments against the Court's exercise of jurisdiction. Both are without merit. First, they claim that the damages listed in the interrogatories were "an exaggerated amount," and so not applicable to determine the amount in controversy. R. 6-1 at 3. This argument is nonsensical and anathema to the purpose of discovery. Kentucky Rule of Civil Procedure 8.01(2) allows parties to use interrogatories to obtain information about the amount of damages claimed. The purpose of this rule is to "put the defendant on notice" of the potential amount of damages. *Thompson v. Sherwin Williams Co.*, 113 S.W.3d 140, 143 (Ky. 2003). Additionally, Rule 8.01(2) states that the amount of damages claimed "shall not exceed the last amount stated in answer to interrogatories," which effectively limits recovery to whatever is listed. *Thompson*, 113 S.W.3d at 143. O'Neil and Thacker argue that this puts plaintiffs "in a position of having to set forth an exaggerated amount in response" or else they "risk making a decision detrimental to their client." R. 6-1 at 3. But why? Interrogatories are generally sworn documents. Does Rule 8.01(2) give plaintiffs license to exaggerate, or worse, lie? No. Plaintiffs are not nearly as boxed in as O'Neil and Thacker suggest. The Kentucky Supreme Court has repeatedly held that Rule 8.01(2) allows plaintiffs to supplement answers to interrogatories if they later discover more damages. *See, e.g.*, *Tennill v. Talai*, 277

S.W.3d 248, 251 (Ky. 2009); *LaFleur v. Shoney's, Inc.*, 83 S.W.3d 474, 480 (Ky. 2002); *Fratzke v. Murphy*, 12 S.W.3d 269, 272. (Ky. 1999). In fact, in *Fratzke*, which O'Neil and Thacker cite as imposing a strict reading of Rule 8.01(2), the court held that the rule "effectively creates" a duty to supplement answers "by providing the consequence of failing to supplement." 12 S.W.3d at 272. Generally the only limitation is that supplementation must be seasonable, but even plaintiffs who fail to seasonably supplement their answers can still move for leave do so upon a showing of good cause. *LaFleur*, 8 S.W.3d at 480. O'Neil and Thacker had no basis to exaggerate in a sworn document and cannot suddenly disown their answers now that they find themselves in federal court.

Second, in post-removal stipulations, O'Neil and Thacker assert that neither will seek more than $74,999 in damages. R. 11; R. 12. Is this a clever way to circumvent the effects of state court discovery? Hardly. The determination of federal jurisdiction in a diversity case is made as of the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). In *Rogers*, the Sixth Circuit explicitly held that "post-removal stipulations do not create an exception." *Id*. at 872. The court reasoned that allowing otherwise would give plaintiffs the ability to "unfairly manipulate proceedings." *Id*. Additionally, the court suggested that treating post-removal stipulations like any other post-removal event advances simplicity and uniformity interests. *Id*. Thus, O'Neil's post-removal stipulation cannot be considered for jurisdiction purposes.

## CONCLUSION

Accordingly, it is **ORDERED** that O'Neil's and Thacker's motion to remand, R. 6, is **DENIED**.

This the 18th day of August, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge